IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN HARGROVE, § | | |
| TDCJ #849892, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-06-0387 | |
| § | | |
| DOUG DRETKE, *et al.*, § | | |
| § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The plaintiff, Kevin Hargrove, is a state inmate in custody of the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Hargrove proceeds *pro se* and he requests leave to proceed *in forma pauperis*. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

I.  **BACKGROUND**

Hargrove complains about an incident that occurred at the Ferguson Unit in Midway, Texas, where he was incarcerated at the time. Hargrove's complaint concerns personal property that was reportedly damaged as the result of negligence. Hargrove sues TDCJ Director Doug Dretke and two other individuals employed by TDCJ at the Ferguson Unit: Assistant Warden Thomas Merchant and Correctional Officer Neal Gift.

According to the complaint, Officer Gift and another correctional officer collected Hargrove's personal property on April 30, 2004, and conducted an inventory when Hargrove left the Ferguson Unit on the "medical chain" bus. At that time, Officer Gift issued a disciplinary case against Hargrove after he found undisclosed items of contraband among Hargrove's personal property. Hargrove complains that, after taking a photograph of the contraband items, Officer Gift failed to take his property bag to the "Seg. Office for storage in the property room." Instead, Officer Gift reportedly placed the bag containing Hargrove's property in a closet on the floor by his work station. Hargrove alleges that his property was later "drenched" when there was a flood of "waste water" in that area. Officer Gift allegedly forgot that Hargrove's property was on the closet floor and failed to keep it from getting wet. Hargrove complains that Officer Gift later took his bag of property to the property room without advising a supervisor of the damage or trying to dry the property out. As a result of Officer Gift's "reckless conduct," Hargrove complains that his property was "damaged beyond repair."

Hargrove seeks $5,000.00 in compensatory damages for undisclosed items of damaged property, $200,000.00 in damages for mental anguish, and $1,000,000.00 in punitive damages. The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

**II.     STANDARD OF REVIEW**

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"). Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only

3

if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III. <u>DISCUSSION</u>

Hargrove has filed this prisoner civil rights suit under 42 U.S.C. § 1983, which provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. The "essential character of the statute . . . 'creates a species of tort liability,'" which provides relief for invasions of rights protected under federal law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 709 (1997) (citations and quotations omitted). "Rather than creating substantive rights, § 1983 simply provides a remedy for the rights that it designates." *Harrington v. Harris*, 118 F.3d 359, 365 (5th Cir.) (citing *Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989)), *cert. denied*, 522 U.S. 1016 (1997).

To establish liability under 42 U.S.C. § 1983, a civil rights plaintiff must establish two elements: (1) state action, *i.e.*, that the conduct complained of was committed under color of state law, and (2) a resulting violation of federal law, *i.e.,* that the conduct deprived the plaintiff of rights secured by the Constitution or laws of the United States. *See Collins v. City of Harker Heights*, 503 U.S. 115, 120 (1992); *Baker v. McCollan*, 443 U.S. 137, 142

(1979). Taking all of his allegations as true, Hargrove fails to satisfy the second element by demonstrating a violation of federal law.

In this case, Hargrove does not complain that he was deprived of property pursuant to a prison policy or that his property was taken and destroyed for reasons that were authorized by such a policy. *See, e.g., Zinermon v. Burch*, 494 U.S. 113, 126 (1990). Rather, Hargrove complains that his property was negligently damaged by prison officials who failed to exercise proper care over materials placed under their control during Hargrove's transport to a prison medical facility. Whether there is a negligent, or even intentional, deprivation of property by state officials that is random and unauthorized does not rise to the level of a constitutional violation if state law provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 533-34 (1984); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994). Texas provides a remedy for inmates whose property has been taken or destroyed improperly. *See Myers v. Klevenhagen*, 97 F.3d 91, 95 (5th Cir. 1996); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984); *Aguilar v. Chastain*, 923 S.W.2d 740, 743-44 (Tex. App. 1996); *see also* TEX. GOV'T CODE §§ 501.007, 501.008. There is no basis under federal law for the relief that Hargrove seeks. Therefore, Hargrove fails to state a claim for which relief can be granted under 42 U.S.C. § 1983, and his complaint is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.     CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1.  The plaintiff's request for leave to proceed *in forma pauperis* (Docket Entry No. 2) is **GRANTED**.

2.  The TDCJ Inmate Trust Fund is **ORDERED** to deduct funds from the inmate trust account of Kevin Hargrove (TDCJ #849892) and forward them to the Clerk on a regular basis, in compliance with the provisions of 28 U.S.C. § 1915(b), until the entire filing fee ($250.00) has been paid.

3.  The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas, 77342-0629, Fax Number (936) 437-4793; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on **February 10, 2006.**

_____
Nancy F. Atlas
United States District Judge